UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTIAN ANTHONY RODRIGUEZ,<br><br>　　　　　　　　　　Petitioner,<br>　v.<br>GETTERE, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 3:20-cv-00203-MMD-WGC<br><br>ORDER |

On October 26, 2020, the Court directed *pro se* Petitioner Christian Anthony Rodriguez to pay the $5.00 filing fee within 30 days. (ECF No. 11.) That deadline has now expired, and Petitioner has not paid the filing fee nor otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

///

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors weighing in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's order requiring Petitioner to pay the filing fee within 30 days expressly stated: "Petitioner has 30 days from the date this order is entered in which to have the $5.00 filing fee sent to the Clerk. Failure to do so may result in the dismissal of this action." (ECF No. 11.) Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's order to pay the filing fee. Accordingly, the petition is dismissed without prejudice for failure to comply with this Court's order to pay the filing fee.

The Clerk of Court is directed to file the petition. (ECF No. 1-1.)

It is further ordered that this action is dismissed without prejudice as set forth in this order.

It is further ordered that a certificate of appealability is denied.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 13th Day of January 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE